936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Manuel Sesario DEPINEDA, Plaintiff-Appellant,
v.
Judge TURSI, Colorado Appeals Judge, Judge Hume, Colorado
Appeals Judge, Judge Rothenberg, Colorado Appeals
Judge, Colorado Court of Appeals,
Division 2, Defendants-Appellees.
 No. 91-1036.
 United States Court of Appeals, Tenth Circuit.
 June 27, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Manuel Sesario Depineda, in what purports to be a civil rights complaint pursuant to 42 U.S.C. Sec. 1983, sues three Colorado Court of Appeals judges. The exact basis of his claim is not entirely clear. In his complaint, plaintiff seems to argue that the Colorado appellate judges acted in a total absence of jurisdiction when they reviewed and affirmed his conviction of first degree murder under Colorado law. According to plaintiff, his conviction, which was entered after a jury trial in 1988, was for an offense that occurred before 1972, and under Colorado law an appellate court lacks jurisdiction to review a sentence for any offense occurring before 1972. See People v. Silvola, 198 Colo. 228, 597 P.2d 583, 584 (1979); People v. Knight, 185 Colo. 364, 525 P.2d 425, 426 (1974). Arguing that the court's exercise of unauthorized jurisdiction over him violated his constitutional rights, he requests that his sentence be vacated and that he be awarded damages against the individual judges.
 
 
 3
 Under this theory, plaintiff has not alleged any infringement on his constitutional rights. We do not believe the Colorado Court of Appeals lacked jurisdiction, but even if it did, plaintiff was no worse off from the affirmance of his conviction than if he had no right to appeal. Moreover, plaintiff himself brought the appeal; he cannot argue now that it should not have been heard.
 
 
 4
 On appeal to this court, however, plaintiff has focused his claim. When he was convicted of first degree murder, the jury apparently stated that "it was never proven the defendant fired the fatal shot." See Appellant's Opening Brief, Appendix, Ex. I. Plaintiff asserts that this amounted to a jury finding that he was an accessory during the fact, and because the crime was committed before October 1, 1972, he should only have been tried and sentenced under the pre-1972 Colorado law. He contends that under the pre-1972 law an accessory during the fact is guilty of a misdemeanor and could be imprisoned only for a term not exceeding two years. Colo.Rev.Stat. Sec. 40-1-13 (1963). After 1972 an accessory was punished as a principal. See Colo.Rev.Stat. Sec. 18-1-603. In considering plaintiff's state court appeal, the defendant judges found "contrary to defendant's assertion, we note that under the statute at issue, the crime of accessory is not separate and distinct from the offense of first degree murder. Defendant was therefore properly charged with the offense as defined at the time the murder was committed." Appellant's Opening Brief, Ex. A at 2 (citations omitted).
 
 
 5
 Although we do not consider on appeal theories that were not raised before the district court, see Graham v. City of Oklahoma City, 859 F.2d 142, 146 n. 6 (10th Cir.1988); Lone Star Steel Co. v. United Mine Workers, 851 F.2d 1239, 1243 (10th Cir.1988), we liberally construe a pro se plaintiff's complaint, see Hall v. Bellmon, No. 90-6326, slip op. at 6 (10th Cir. June 3, 1991). And even if we were to construe plaintiff's complaint to include a challenge to the crime for which he was convicted, he does not state a cognizable claim.
 
 
 6
 Judges have absolute immunity from Sec. 1983 claims unless they act in a complete absence of jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Van Sickle v. Holloway, 791 F.2d 1431, 1434-36 (10th Cir.1986). Plaintiff's reliance on Colorado law that limits an appellate court's jurisdiction to review criminal sentences only to those offenses committed after 1972 is misplaced. The defendant judges in the present case reviewed plaintiff's conviction, not his sentence, to determine if he was properly charged with first degree murder. In so acting the defendants were functioning in a judicial capacity on a matter within their jurisdiction, whether or not their interpretation of the law was correct. Thus, the rule of absolute immunity applies, and the district court properly dismissed plaintiff's claim for damages.
 
 
 7
 Viewed as a petition for relief in the nature of habeas corpus under 28 U.S.C. Sec. 2254--because plaintiff asks for vacation of his sentence--the case presents only an issue of interpretation of state law. As to this matter the state courts are the final arbiters. Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). The state court's determination that plaintiff, though he may not have been proven to have fired the fatal shot, was nevertheless guilty of murder as a principal under the statute as it existed at the time of the crime, subject to being punished accordingly, raises no issue of federal constitutional law. Therefore, plaintiff can make out no claim justifying a federal court vacation of his sentence.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3