No. 25823

**The People of the State of Colorado v. George Fred Allen**
(513 P.2d 1060)

Decided September 10, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy,

396

David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This matter is before us on a motion by the attorney general of this state to dismiss the appeal herein on the ground that the appeal was not timely perfected. The attorney general points out that judgment and sentence were entered by the trial court on May 17, 1971, and the notice of appeal was not filed until October 2, 1972, which was more than 60 days after judgment was entered. The record shows that on August 28, 1972, the defendant filed a Crim. P. 35(b) motion alleging that his counsel, the public defender, had failed to perfect an appeal despite the defendant's request for him to do so.

Thereafter, on September 1, 1972, the public defender filed a motion for extension of time in which to file a notice of appeal, and as grounds for the motion alleged that the public defender's office overlooked any requests to perfect the appeal by the defendant, although he had no independent recollection or written memorandum to the effect that the defendant wished to perfect an appeal.

On September 20, 1972, the trial court granted the motion to extend the time in which to file the notice of appeal, and thereafter the notice of appeal was filed on October 2, 1972. It is the position of the attorney general that the trial court had no authority or jurisdiction to extend the time for filing of notice of appeal past July 16, 1971, which was the date 60 days after the entry of the judgment. C.A.R. 4(b). We agree, and we must, therefore, dismiss the appeal.

We point out, however, that while the provisions of C.A.R. 26(b) prohibit the appellate court from enlarging the time for filing notice of appeal filed under C.A.R. 4(a), the same prohibition does not apply to notices of appeal under C.A.R. 4(b). The appellate court may, therefore, for good cause shown, enlarge the time for filing under C.A.R. 4(b).

Our ruling dismissing the appeal, is without prejudice to the defendant-appellant to file a motion for the extension of time with the appellate court, provided good cause is shown as provided in C.A.R. 26(b).

MR. JUSTICE DAY does not participate.