### No. 28185

**The People of the State of Colorado v. R. George Silvola**

(597 P.2d 583)

Decided July 23, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, James S. Russell, Assistant Attorney General, Appellate Section, for plaintiff-appellee.

R. George Silvola, Pro se.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Defendant appeals from the trial court's denial of his request for review of his sentences for convictions of conspiracy to commit theft, theft, and theft-receiving. We affirm.

On January 19, 1973, a jury found the defendant guilty of one count of conspiracy to commit theft, five counts of theft-receiving, and one count of theft, which occurred during a one-year period prior to February 5, 1970. He was sentenced to three and one-half to five years on the conspiracy conviction and to concurrent terms of two to four years on the theft-receiving and theft counts. On appeal from these convictions, this court, in *People v. Silvola,* 190 Colo. 363, 547 P.2d 1283 (1976), affirmed the convictions of conspiracy, theft, and one count of theft-receiving, and reversed the convictions on the four other theft-receiving counts.

During the pendency of the appeal, the General Assembly amended the sentencing statute to allow indeterminate sentencing. Section 16-11-304(2)(a), C.R.S. 1973.[1] Thus, after the decision in *People v. Silvola, supra,* defendant filed a Crim. P. 35(a) motion, requesting probation or at least indeterminate sentences under the amended sentencing statute. Following a resentencing hearing, the district court denied probation but granted the motion for indeterminate sentencing and sentenced defendant to an indeterminate to five-year term for the conspiracy conviction and to a concurrent indeterminate to four-year term for the theft and theft-receiving convictions.

Defendant did not file a notice of appeal from the trial court's ruling on his Crim. P. 35(a) motion; rather, within thirty days after imposition of the revised sentences, he filed with the court a "notice and request for review of sentence," pursuant to section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8). The notice and request was denied by the district court. We affirm.

---

[1] Now section 16-11-304(2)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

■ Initially, we observe that if this appeal is considered as one from the district court's ruling on defendant's Crim. P. 35(a) motion, his attempted appeal before this court is fatally defective. The filing of a notice of appeal is mandatory and a jurisdictional prerequisite for appellate review of a lower court decision. *Watered Down Farms v. Rowe,* 39 Colo. App. 169, 566 P.2d 710 (1977); *Chapman v. Miller,* 29 Colo. App. 8, 476 P.2d 763 (1970); C.A.R. 3 and C.A.R. 4.

■ More significantly, however, defendant's attempt to have his sentences reviewed under section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8), is futile. This court has twice held that this section applies only to offenses committed after July 1, 1972. Because the offenses for which defendant was sentenced were committed prior to July 1, 1972, the right of appeal under section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8), is not available to him. *People v. Morgan,* 189 Colo. 256, 539 P.2d 130 (1975); *People v. Knight,* 185 Colo. 364, 525 P.2d 425 (1974).

■ We note that the defendant was successful in obtaining relief under his Crim. P. 35(a) motion. The record of that proceeding reveals no abuse of discretion that might justify further relief under *People v. Morrow,* 197 Colo. 244, 591 P.2d 1026 (1979) and *Spann v. People,* 193 Colo. 53, 561 P.2d 1268 (1977).

The judgment is affirmed.

JUSTICE CARRIGAN does not participate.