F.W. WOOLWORTH COMPANY,
Plaintiff-Appellee and
Cross-Appellant,

v.

STATE of Colorado DEPARTMENT OF
REVENUE, and Alan Charnes, Executive Director, Defendants-Appellants
and Cross-Appellees.

No. 83CA0717.

Colorado Court of Appeals,
Div. II.

Sept. 27, 1984.

Rehearing Denied Oct. 18, 1984.

Certiorari Denied April 22, 1985.

Ireland, Stapleton, Pryor & Pascoe, P.C.,
Tucker K. Trautman, Susan N. Weller,
Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Denver, for defendants-appellants.

KELLY, Judge.

The Department of Revenue appeals a summary judgment entered in favor of F.W. Woolworth Company, determining that § 39–26–125, C.R.S., precludes this action for the collection of sales taxes allegedly owed by Woolworth for the period July 1, 1965, through August 31, 1973. Woolworth cross-appeals the trial court's determination that excusable neglect prevented the Department from timely filing a notice of appeal and extended the time for filing. We affirm.

The following facts are undisputed. In 1977, after an audit of the books and records kept by Woolworth, the Department determined that $64,134.47 in excess sales tax had been collected by Woolworth between July 1, 1965, and August 31, 1976. The Department issued a notice of deficiency demanding payment of the excess amount plus interest. Woolworth challenged the notice insofar as it attempted to collect amounts due and payable prior to August 31, 1973, asserting collection of those amounts was barred by the statute of limitations, § 39–26–125.

At Woolworth's request, an administrative hearing was held pursuant to the challenge. The deputy director of the Department of Revenue decided that § 39–26–118, C.R.S., was controlling in that it provides that taxes collected by the retailer *remain* public money held in trust *until paid* to the Department of Revenue. By virtue of this language, he concluded that the obligation to pay over taxes already collected is perpetual. He also determined that Department of Revenue Regulation 26–118.1 put Woolworth on notice that no statute of limitations applied. That regulation provides: "No statute of limitations applies to funds of the State of Colorado in the possession of the retailer and such moneys are collectible at any time after their due date upon demand of the executive director."

On review, the trial court invalidated this regulation as in derogation of § 39–26–125,

*see Security Life & Accident Co. v. Barnes,* 494 P.2d 1294 (Colo.App.1971) (not selected for official publication), and ruled that the statute of limitations was dispositive.

### I.

Initially, we reject Woolworth's contention that the trial court erred in retroactively granting the Department an extension of time in which to file a notice of appeal.

■ The then applicable C.A.R. 4(a) provided that upon a showing of excusable neglect, a trial court could extend the time for filing a notice of appeal upon motion, if the time for filing had expired. The trial court determined that, under these circumstances, there was excusable neglect. This conclusion is supported by the record and binds us on review. *Cf. Kronkow, Inc. v. Wood,* 44 Colo.App. 462, 615 P.2d 71 (1980).

### II.

The Department contends that § 39–26–125 is inapplicable because the State is not "assessing" a tax, but is merely attempting to collect moneys which Woolworth holds in trust for the State. We disagree.

In relevant part, § 39–26–125 provides: "The taxes for any period, together with the interest thereon and penalties with respect thereto, imposed by this part I shall not be assessed ... [nor shall any] suit for collection be instituted, nor any other action to collect the same be commenced, more than three years after the date on which the tax was or is payable ...."

Pursuant to § 39–26–112 and § 39–26–105(1)(a), C.R.S., the taxes in question were due and payable 20 days after the month in which they were collected.

■ While the statute does not provide a definition of the term "assess," or "assessment," undefined words and phrases found in a statute are to be construed according to their generally accepted meaning. *See* § 2–4–101, C.R.S.; *Harding v.*

*Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973). And, an "assessment of tax" consists merely of an ascertainment of the amount due. *See In re Pennetta,* 19 B.R. 794 (Bkrtcy.D.Colo.1982).

Here, it is undisputed that the Department "ascertained the amounts due" more than three years after the dates on which they were payable. Thus, the limitation set forth in § 39–26–125 is applicable.

We also reject the Department's assertion that the trial court erred in invalidating Regulation 26–118.1 because the trustee theory set forth in § 39–26–118(1) is an exception to the three-year statute of limitations. It is contended that, by imposing a trustee status on retailers, the General Assembly intended, as a special rule, that any sales tax collected could be demanded by the Department at any time, despite the provisions of § 39–26–125.

Such an interpretation is unduly strained. In our view, §§ 39–26–118 and 39–26–125 are not *in pari materia;* thus, no necessity for construing them together exists. *See* § 2–4–205, C.R.S. We agree with the trial court that § 39–26–125 governs the Department's attempt to collect sales tax in general, including those held in trust by virtue of § 39–26–118. Section 39–26–118 merely describes the nature of the taxes held by the retailer and does not purport to usurp the mandates of § 39–26–125. Thus, Department of Revenue Regulation 26–118.1 was properly invalidated.

In light of these determinations, it is unnecessary to consider the Department's remaining contentions.

Judgment affirmed.

BERMAN and TURSI, JJ., concur.