**Jack D. WEASON, Petitioner,**

v.

**The COLORADO COURT OF APPEALS and the Honorable Charles D. Pierce, One of the Judges Thereof, Respondents.**

No. 86SA228.

Supreme Court of Colorado,
En Banc.

Jan. 26, 1987.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for respondents.

ROVIRA, Justice.

In this original proceeding, Jack Weason, petitioner, seeks a writ of mandamus compelling the court of appeals to grant his

Motion to File Notice of Appeal Out of Time, pursuant to C.A.R. 4(b). We issued a rule to show cause, and now modify the rule and make it absolute.

## I.

After a trial at which petitioner was represented by private counsel, petitioner was convicted of felony theft. On March 21, 1986, he was sentenced to the department of corrections for four years. Under C.A.R. 4, his notice of appeal had to be filed within 45 days—that is, by May 5—in order to be timely. No timely appeal was filed.

According to letters later written by petitioner to the district court, petitioner had been employed when he had retained private counsel, and a plan to pay the legal fees in installments was worked out. Petitioner was subsequently laid off from work. According to the letters, private counsel told petitioner he would not work on petitioner's case unless petitioner continued to pay him, which petitioner could not do. Court records indicate that private counsel did move to withdraw a month before trial, but was not allowed to do so. According to petitioner's letters, private counsel then made it unequivocally clear that he would not do anything further to aid petitioner, not even discuss a plea bargain. He would just "show up" when he had to.[1]

Two days after the end of the forty-five-day period, on May 7, 1986, petitioner filed a motion in the district court to proceed on appeal *in forma pauperis*. The motion was granted on that same day, and the public defender was appointed to represent petitioner. However, the district court did not send notice to the public defender of its appointment until June 2, 1986, and this notice was not received until June 4, 1986.

Coincidentally, but importantly, June 4 was also the last day of the additional thirty-day period in which a late notice of appeal can be filed. When the failure to file within the forty-five-day period is due to "excusable neglect," the court of appeals may allow a late notice to be filed within the next thirty days. C.A.R. 4(b).

The public defender filed a notice of appeal on June 4. It was supplemented by a Motion to File Notice of Appeal Out of Time filed the next day. While the motion contained the chronology of events listed above, it did not state any reason why private counsel did not file notice of appeal within the original forty-five-day period. On June 12, without any explanatory comment, the court of appeals denied the motion for out-of-time filing. Under the unusual circumstances of this case, we are of the opinion that the denial was an abuse of discretion.

## II.

It is elementary that the right to appeal one's criminal conviction is fundamental. *Haines v. People*, 169 Colo. 136, 454 P.2d 595 (1969) (due process and equal protection require that indigents be given the same access to appellate review of their convictions as is given to nonindigents). It is also clear that the appellate court is without power to allow filing of a notice of appeal after the seventy-fifth day. *See People v. Allen*, 182 Colo. 395, 513 P.2d 1060 (1973) (applying former rule; trial court had no power to allow filing after the sixtieth day following the conviction).

Thus, June 4, when the public defender was informed that it had been appointed to represent the petitioner on his appeal, was the last day the appeal could be filed. The public defender did file a notice of appeal by the end of the day, and filed a supporting motion the next day. The court of appeals denial of that motion was apparently predicated on the failure to make a showing of excusable neglect.

Under these circumstances, it is too much to require that the public defender search out the private counsel that had

---

1. By stating the substance of petitioner's letters we do not voice any opinion as to their accuracy. Court records reveal that despite the appointment of the public defender and the subsequent legal proceedings, private counsel has not yet withdrawn as counsel of record.

represented petitioner at trial, interview him (assuming he could be found and was free to discuss the case), collect affidavits or other documentation, and construct an argument that would establish that the failure to file in the original forty-five-day period was due to excusable neglect—all within a few working hours.

The documents before the court of appeals revealed that because of an error by the trial court, the public defender had been notified of its appointment on the last day for filing notice of appeal. The supporting motion filed the next day completely failed to mention excusable neglect, a necessary predicate to the time extension sought. The failure even to argue the crucial issue is obviously due to the haste with which the motion must have been prepared. Under these circumstances, the court of appeals should have either allowed the notice of appeal or given the petitioner additional time to gather more supporting information.

We emphasize the narrow holding in this case. The court of appeals' discretion in determining whether excusable neglect has been shown is broad. However, where it cannot be said with any conviction that the failure to show excusable neglect is not the fault of the trial court for failing to provide the newly appointed appellate counsel with sufficient time to prepare the needed information, the petitioner should not receive the harsh sanction of losing his right to appeal.[2]

The rule as issued is modified to allow the public defender ten days from the date of this opinion to gather information to support its Motion for Notice of Appeal Out of Time. If excusable neglect on the part of private counsel in failing to file a notice of appeal within the forty-five-day period is shown, the court of appeals should grant the motion to file notice of appeal out of time.[3]

The rule, as modified, is made absolute.

ERICKSON, J., dissents, and VOLLACK, J., joins in the dissent.

DUBOFSKY, J., does not participate.

ERICKSON, JUSTICE, dissenting:

I respectfully dissent. In my view, the court of appeals did not abuse its discretion in denying the defendant's motion to file a notice of appeal out of time, and the extraordinary relief of mandamus should not be granted where the defendant has an adequate remedy under Crim.P. 35(c).

I.

A defendant's failure to comply with C.A.R. 4 and C.A.R. 26(b) deprives the appellate court of jurisdiction and precludes review of the defendant's conviction. *People v. Silvola*, 198 Colo. 228, 597 P.2d 583

---

2. The People argue that if the rule is discharged, petitioner will still have the option of filing a motion alleging ineffective assistance of counsel on appeal under Crim.P. 35(c). Therefore, since this avenue is open, the extraordinary relief of a writ of mandamus is inappropriate.

While admitting the 35(c) motion is an option, petitioner points out that interests of substantial justice and judicial economy favor allowing a direct appeal. A 35(c) motion would require appointment of yet another counsel to represent petitioner, despite the public defender's best efforts to perfect his appeal. Further, a 35(c) motion requires a showing of a colorable ground for appeal, therefore a trial transcript will have to be prepared and examined regardless of which procedure is followed. Finally, petitioner's sentence was only four years, and he was credited with nearly two months of presentence confinement. Under present rules of good time credit, petitioner could be released from confinement as early as January of 1988, even if he does not qualify for parole.

3. The court of appeals may "before or at any time after the [original forty-five day period] has expired, with or without motion and notice, extend the time for filing for a period not to exceed thirty days from the expiration of the [forty-five-day period]." C.A.R. 4(b). Therefore, even though the notice of appeal was without effect when filed, it will become effective if the court of appeals orders the time extension pursuant to the rule made absolute in this case. *Woolworth Co. v. State Department of Revenue*, 699 P.2d 1 (Colo.App.1984) (rejecting contention that court erred in "retroactively granting" an extension of time in which to file notice of appeal); *cf.* Fed.R.App.P. 4(b) (providing expressly that the motion to extend time must be filed within thirty days).

(1979); *People v. Allen*, 182 Colo. 395, 513 P.2d 1060 (1973). *Widener v. District Court*, 200 Colo. 398, 615 P.2d 33 (1980). A denial of a motion to file a notice of appeal after the expiration of the 45–day period set forth in C.A.R. 4 may not be overturned absent an abuse of discretion. *Beaver Meadows v. Board of County Commissioners*, 709 P.2d 928, 932 n. 4 (Colo.1985). *See also Peoples Natural Gas Division of Northern Natural Gas Co. v. Public Utilities Commission*, 626 P.2d 159 (Colo.1981) (mandamus will lie only if the action was arbitrary or if it reflects a gross abuse of discretion).

In this case, the defendant's motion to enlarge the time within which to file a notice of appeal alleges only that the public defender was not appointed until two days after the expiration of the 45–day period, and that the public defender did not learn of the appointment until the day that the additional 30–day period expired. The motion establishes neither excusable neglect sufficient to permit late filing under C.A.R. 4(b), nor good cause sufficient to enlarge the time for filing under C.A.R. 26(b). The motion at most creates an inference that the defendant's private counsel negligently or wilfully failed to file a notice of appeal within the time prescribed in C.A.R. 4(b). That allegation, without more, is insufficient as a matter of law to establish excusable neglect under C.A.R. 4(b). *See Cox v. Adams*, 171 Colo. 37, 464 P.2d 513 (1970) (the press of work or other activities of an attorney do not constitute excusable neglect); *Trujillo v. Industrial Commission*, 648 P.2d 1094 (Colo.App.1982); *Bosworth Data Services, Inc. v. Gloss*, 41 Colo.App. 530, 587 P.2d 1201 (1978).

The public defender's office need not, as the majority suggests, "interview [the de-

fendant's counsel], collect affidavits or other documentation, and construct an argument that would establish that the failure to file in the original forty-five day period was due to excusable neglect, all within a few working hours." Maj. op. at 738. As long as the notice of appeal is filed within the 75–day period, the public defender "may ... at any time" file a motion to extend the 45–day period another thirty days.[1] In addition, C.A.R. 26(b) provides the court of appeals authority to permit the defendant, for good cause shown, to file a notice of appeal at any time after the 75–day period has expired. *People v. Allen*, 182 Colo. at 397, 513 P.2d at 1061. The public defender was not excused by the press of time from alleging facts sufficient to establish excusable neglect under C.A.R. 4(b).[2] In my opinion, the court of appeals did not abuse its discretion in denying the defendant's motion to file the notice of appeal out of time, where the motion did not establish excusable neglect.

## II.

Mandamus is an extraordinary remedy that may be granted only when the petitioner has no other adequate remedy. *Sandoval v. Farish*, 675 P.2d 300 (Colo. 1984); *Gramiger v. Crowley*, 660 P.2d 1279 (Colo.1983). Crim.P. 35(c)(2) provides:

Notwithstanding the fact that no review of a conviction of crime was sought by appeal within the time prescribed therefor, or that a judgment of conviction was affirmed upon appeal, every person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds hereinafter set forth. Such an application for postconviction review must, in good

---

1. C.A.R. 4(b) is ambiguous, and does not clearly provide that a motion to file a notice of appeal out of time may be filed after the expiration of the 75–day period. If the defendant's motion was untimely under C.A.R. 4(b) because it was not filed within seventy-five days after entry of judgment against the defendant, his motion must be treated as a motion under C.A.R. 26(b) to enlarge the time for filing a notice of appeal.

2. Although the defendant's motion may have been prepared "within a few working hours," maj. op. at 737–38, the defendant's more leisurely prepared petition for a writ of mandamus also fails to allege excusable neglect.

faith, allege one or more of the following grounds to justify a hearing thereon:

(I) *That the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state.*

(Emphasis added.)

If the allegations contained in the petition are true, defense counsel's failure in this case to do anything more than "show up," and his failure to perfect the defendant's appeal establish a colorable claim for relief under Crim.P. 35. *See, e.g., Clay v. Director of Juvenile Division,* 749 F.2d 427 (7th Cir.1984) (defense counsel's failure to perfect an appeal when his client has indicated a desire to appeal violates the sixth amendment), *cert. denied,* 471 U.S. 1108, 105 S.Ct. 2344, 85 L.Ed.2d 858 (1985); *Martin v. Texas,* 737 F.2d 460 (5th Cir. 1984) (failure of appointed or retained counsel to advise defendant of his right to appointed counsel on appeal amounts to ineffective assistance of counsel); *Blanchard v. Brewer,* 429 F.2d 89 (8th Cir.1970) (failure of appointed or retained counsel to commence simple steps for appeal is a blatant denial of due process); *cert. denied,* 401 U.S. 1002, 91 S.Ct. 1224, 28 L.Ed.2d 535 (1971); *State v. Schultz,* 140 Ariz. 222, 681 P.2d 374 (1984) (defendant was denied effective assistance of counsel when defense counsel failed to interview potential witnesses and take steps to prepare for trial).

The majority contends that Crim.P. 35(c) does not provide an adequate remedy because "interests of substantial justice and judicial economy" favor a direct appeal. Maj. op. at 737 n. 2. I disagree. From the defendant's standpoint, Crim.P. 35(c) is a speedy and effective remedy, for the defendant may allege and prove facts extrinsic to the record that would be available to the court of appeals. The record available on appeal contains nothing that preserves the defendant's claim of ineffective assistance of counsel. Even if "judicial economics" favor a direct appeal, the defendant's

remedy under Crim.P. 35(c) is not so inadequate that mandamus is appropriate.

Accordingly, I would discharge the rule.

I am authorized to say that Justice VOLLACK joins in this dissent.