**P.H., Petitioner,**

**v.**

**The PEOPLE of the State of Colorado, Respondent,**

**In the Interest of S.H., C.H. and S.H., Children.**

**No. 90SC302.**

Supreme Court of Colorado, En Banc.

July 15, 1991.

James Schum, Delta, for petitioner.

No appearance for respondent.

Justice LOHR delivered the Opinion of the Court.

The petitioner, P.H., seeks reversal of an order of dismissal by the Colorado Court of Appeals for failure to file a timely notice of appeal. We reverse and remand to the court of appeals.

## I.

P.H. is the mother of three children. On December 11, 1989, the Montrose County District Court entered an order terminating her parental rights. The order was mailed to counsel on December 12, 1989. This began the forty-five day time period for filing a notice of appeal with the court of appeals. *See* C.A.R. 4(a). That period would end on January 26, 1990, but could be extended thirty days—to February 25, 1990—by the court of appeals "[u]pon a showing of excusable neglect." C.A.R. 4(a).

P.H.'s court-appointed counsel declined to appeal the order terminating parental rights, and he was permitted by the court to withdraw from the case. On January 8, 1990, P.H.'s present counsel was appointed to represent her on appeal. On January 23, 1990, counsel for P.H. filed a motion for extension of time to file a notice of appeal. Although filed within the forty-five day

time period, the motion was erroneously filed with the trial court rather than the court of appeals as required by C.A.R. 4(a). On January 29, 1990, the trial court purported to grant an extension to February 12, 1990. The notice of appeal was filed in the court of appeals on February 12, 1990, outside the original forty-five day period, but within the extension period purportedly granted by the trial court.

On March 20, 1990, the court of appeals issued an order to show cause why the case should not be dismissed, in which it stated that "authority to grant an extension is vested exclusively in the appellate court," thus, "it appears that the notice of appeal was not timely filed." Counsel for P.H. responded, acknowledging his mistake in filing the motion for extension of time in the trial court rather than the court of appeals, but representing that he had relied on the trial court's order of extension in waiting until February 12, 1990, to file the notice of appeal. On April 9, 1990, after counsel for P.H. had responded, the court of appeals dismissed the appeal, stating that "the request to file a late notice of appeal having been made more than 30 days after the notice of appeal should have been filed, this Court has no jurisdiction to grant the request." [1] We granted certiorari to determine whether the order of dismissal by the court of appeals was an abuse of discretion.

## II.

Colorado Appellate Rule 4(a) requires filing of a notice of appeal *"with the appellate court"* within forty-five days of mailing of notice of the entry of judgment when the parties are not present when the judgment is announced.[2] The rule further provides that

1. The record contains no indication that a request to file a late notice of appeal was filed with the court of appeals at any time. We conclude that by referring to such filing in its order of dismissal, the court of appeals has properly treated the response to the order to show cause as the equivalent of a request for late filing.

2. "Prior to January 1, 1984, C.A.R. 4(a) provided that a notice of appeal was to be filed with the clerk of the *trial court* ...." *Collins v. Boulder Urban Renewal Authority*, 684 P.2d 952, 953–54 (Colo.App.1984) (emphasis added). The new provision requiring filing with the appellate court applies in this case.

[u]pon a showing of excusable neglect, the appellate court may extend the time for filing the notice of appeal by a party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this section (a). Such an extension may be granted before or after the time otherwise prescribed by this section (a) has expired, but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

C.A.R. 4(a). This thirty day extension may not be enlarged. C.A.R. 26(b).[3]

In this case the motion for an extension of time was erroneously filed with the trial court. The trial court lacked jurisdiction to grant the motion. *See* C.A.R. 4(a), 26(b). As a result, although the notice of appeal was filed in the court of appeals within the time that court could have allowed for late filing,[4] it was not accompanied by a motion to extend the time for filing or a showing of excusable neglect. Under these circumstances we conclude that the court of appeals erred in determining that it lacked jurisdiction to extend the time for filing a request to file a late notice of appeal. We further conclude that to the extent the court of appeals' order of dismissal is based on the exercise of discretion, the court abused its discretion.

## A.

In *Converse v. Zinke,* 635 P.2d 882, 886 (Colo.1981), we adopted the "unique circumstances" rule to grant relief from operation of mandatory language in our procedural rules when failure to comply is the result of reliance on an erroneous trial court ruling. We held that the trial court in that case did not lose jurisdiction to rule

on a post-trial motion filed outside the ten day deadline imposed by C.R.C.P. 50(b), and made mandatory by C.R.C.P. 6(b), when the late filing was made in reliance on a trial court ruling purportedly extending the limit to fifteen days. *Id.* We stated that the unique circumstances "exception may apply if a party reasonably relies and acts upon an erroneous or misleading statement or ruling by a trial court regarding the time for filing post-trial motions." *Id. See also Thompson v. Immigration and Naturalization Service,* 375 U.S. 384, 387, 84 S.Ct. 397, 398–99, 11 L.Ed.2d 404 (1964) (late filing of an appeal due to reliance on an erroneous ruling by the trial court purporting to recognize a late-filed motion for new trial as made "in ample time" is a "unique circumstance" and cannot lead to dismissal by the federal circuit court of appeals).

We have granted relief in a criminal case from failure to request late filing of a notice of appeal or to show excusable neglect within the seventy-five day limit imposed by C.A.R. 4 when the error was caused by late appointment of counsel by the trial court.[5] *See Weason v. Colorado Court of Appeals,* 731 P.2d 736, 738 (Colo. 1987). In *Weason* counsel was not notified of the appointment until day seventy-five. *Id.* at 737. We stated that

where it cannot be said with any conviction that the failure to show excusable neglect is not the fault of the trial court for failing to provide the newly appointed appellate counsel with sufficient time to prepare the needed information, the petitioner should not receive the harsh sanction of losing his right to appeal.

*Id.* at 738.

Unlike the present case, *Weason* involved an appeal from a criminal convic-

---

3. C.A.R. 26(b) provides in pertinent part that "[t]he appellate court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal beyond that prescribed in C.A.R. 4(a)."

4. The notice of appeal was filed on February 12—sixty-two days after the judgment was mailed.

5. The notice of appeal was filed on the seventy-fifth day, the last day of the additional thirty-day period in which a late notice of appeal can be filed. However, no extension of time to file the notice of appeal had been requested. The motion for late filing of the notice of appeal was filed on the seventy-sixth day and was not accompanied by a showing of excusable neglect.

tion. Thus, we noted "that the right to appeal one's criminal conviction is fundamental." *Weason*, 731 P.2d at 737. In addition, the action of the trial court in *Weason* actually created the situation that made it all but impossible for counsel to file within the time limit prescribed in C.A.R. 4, whereas the trial court action in the present case was taken in response to a motion erroneously filed by counsel. Nevertheless, termination of parental rights is a consequence involving fundamental values, and the trial court bore some responsibility for the late filing by purporting to authorize an extension. We believe, therefore, that *Weason* lends support to our conclusion that the court of appeals has jurisdiction to consider late filing of a request to file a late notice of appeal under the unique circumstances of this case.[6]

Failure to file a request for late filing of a notice of appeal in this case was the direct result of reliance on an erroneous trial court ruling purporting to extend the deadline for filing. Although the erroneous ruling was based on a motion that was improperly filed by counsel,[7] had the trial court dismissed the motion for lack of jurisdiction rather than granting it, counsel would have been aware of the mistake. The court of appeals' holding that it lacked jurisdiction to allow P.H. her right to appeal from termination of parental rights as the result of reliance on the extension of time erroneously granted by the trial court is not consistent with the unique circumstances doctrine. We hold that the court

of appeals erred in concluding that it lacked jurisdiction to consider late filing of the request to file a late notice of appeal, under the facts of this case.

## B.

Although the court of appeals stated that it lacked jurisdiction to consider late filing, it also made reference to our decision in *Weason* in which we held that the court did have jurisdiction but abused its discretion in dismissing the appeal. We infer from this that the court considered exercise of discretion as an alternative basis for its order of dismissal. Therefore, we elect to address whether the dismissal order is supported as a proper exercise of discretion.

Under C.A.R. 4(a), the court of appeals has discretion to extend the time for filing a notice of appeal, either before or after the time for filing such a notice has expired, "[u]pon a showing of excusable neglect." *See also, e.g., Ford v. Henderson,* 691 P.2d 754, 756 and 756 n. 1 (Colo.App. 1984) (Under former "C.A.R. 4(a), the trial court had discretion to extend the time for filing a notice of appeal, but only 'upon a showing of excusable neglect.'" That discretion is now "reserved exclusively to the appellate court."). In *Farmers Ins. Group v. District Ct.,* 181 Colo. 85, 507 P.2d 865 (1973), *cert. denied,* 414 U.S. 878, 94 S.Ct. 156, 38 L.Ed.2d 123 (1973), we defined "excusable neglect" for the purposes of C.R. C.P. 6(b)(2)[8] to be "a situation where the failure to act results from circumstances

---

**6.** We are reminded that "[a] notice of appeal is designed to put the opposing party on notice that an appeal has been filed and to identify the trial court action from which the appeal is to be taken." *People v. Bost,* 770 P.2d 1209, 1213 (Colo.1989) (holding that filing of a defective notice of appeal is adequate to invoke appellate jurisdiction provided there is no prejudice to the opposing party and there is substantial compliance with the rules). Thus, we consider it important that there was no prejudice to any other party in this case since the attorney for P.H. served copies of the notice of appeal by mail on the attorney for the People, the guardian ad litem for the children, and the attorney for the other parent, B.B., on February 10, well within the seventy-five day limit imposed by the rules, as reflected by the file in the court of appeals.

**7.** It is unclear whether the erroneous trial court ruling in *Converse* extending the deadline for filing post-trial motions was made at the request of counsel or on the court's own motion. *See* 635 P.2d at 886. However, in *Thompson,* in which the United States Supreme Court applied the "unique circumstances exception," the erroneous trial court ruling was based on a defective filing by counsel. 375 U.S. at 385, 84 S.Ct. at 398.

**8.** C.R.C.P. (6)(b)(2) allows a court to extend the time for accomplishing an act required or permitted by the rules or court order on, among other things, a showing of excusable neglect.

which would cause a reasonably careful person to neglect a duty." *Id.* 181 Colo. at 89, 507 P.2d at 867. We have relied on the same standard to define "excusable neglect" as a basis for relief from a judgment or order under C.R.C.P. 60(b), *Tyler v. Adams County Dept. of Social Services,* 697 P.2d 29, 32 (Colo.1985), and as a basis for extension of time to file a notice of appeal in a criminal case under C.A.R. 4(b), *Estep v. People,* 753 P.2d 1241, 1247 (Colo. 1988).[9] In applying this standard, we have considered action taken in reliance on a district court ruling to be "excusable neglect." *Tyler,* 697 P.2d at 32 (holding that reliance "on the district court's order purporting to eliminate the need for a new trial motion" amounts to "excusable neglect" as a basis for relief from final judgment under C.R.C.P. 60(b)).

In this case counsel himself was negligent in filing the motion for extension of time in the trial court. Nevertheless, had the trial court dismissed the motion for lack of jurisdiction, rather than granting it, counsel would have been aware of the mistake. We hold, therefore, that to the ex-

tent the court of appeals' dismissal order is based on failure to show excusable neglect, it constitutes an abuse of discretion.

### III.

The court of appeals erred in holding that it lacked jurisdiction to consider a late filing of a request to file a late notice of appeal under the unique circumstances of this case. To the extent the court of appeals exercised its discretion, failure to find excusable neglect to justify an extension of time to file a notice of appeal when late filing was the result of reliance on an erroneous ruling by the trial court was an abuse of that discretion.

Accordingly, we reverse and remand to the court of appeals with directions to reinstate the appeal.

9. In *Estep* we recognized that an extension of time to file a notice of appeal in a criminal case may also be granted on a showing of good cause under C.A.R. 26(b), but held that when the basis for the extension is neglect of counsel "that neglect constitutes 'good cause' only if it satis- fies the excusable neglect standard announced in *Farmers Ins. Group.*" *Estep,* 753 P.2d at 1247.