**In re: Plaintiff: The PEOPLE of the State of Colorado,**

v.

**Defendant: Bobby L. BAKER.**

**No. 04SA194.**

Supreme Court of Colorado, En Banc.

Jan. 18, 2005.

894

David S. Kaplan, Colorado State Public Defender Kathleen A. Lord, Chief Appellate Deputy Public Defender Denver, for Petitioner.

John W. Suthers, Acting Attorney General, John T. Bryan, Assistant Attorney General, Denver, for Respondent.

MULLARKEY, Chief Justice.

In this original proceeding, Bobby Baker, petitioner, seeks a writ of mandamus compelling the court of appeals to accept his direct appeal. We issued a rule to show cause and now make that rule absolute.

The court of appeals abused its discretion when it dismissed Baker's appeal as untimely. Errors by the trial court and Baker's trial counsel, combined with the lack of prejudice to the prosecution in allowing the appeal to proceed, principles of judicial economy and the inadequacy of a Crim. P. 35(c) proceeding as a substitute for a direct appeal constitute good cause to excuse the late filed notice of appeal.

## I. Facts and Procedural History

Baker was convicted of multiple felony offenses in December 2001 and sentenced to forty-eight years to life in the Department of Corrections. At trial, Baker was represented by private counsel, whom he had retained. At the sentencing hearing on December 4, 2001, the trial court advised Baker that he had a right to appeal, but did not determine if Baker was indigent or advise him of his right to appointment of counsel for direct appeal if he were indigent. Prior to the hearing, Baker had filed a motion to proceed *in forma pauperis*. The court never ruled on that motion. During the sentencing hearing, Baker indicated that he was "interested" in having a public defender appointed for appeal. The court responded that it could entertain a motion for the appellate section of the Colorado Public Defender to represent Baker in an appeal, but because no such motion was before the court, it could do nothing at that time.

Baker had prepared a handwritten notice of appeal, which he showed to his trial counsel. Although counsel and Baker had agreed that he would not represent Baker on appeal, trial counsel offered to type and submit Baker's notice of appeal "as a courtesy." On December 10, 2001, trial counsel filed Baker's notice of appeal in the Jefferson County District Court and delivered a copy to the Office of the District Attorney, but failed to file the notice of appeal in the court of appeals, as is required by C.A.R. 4(b). Consequently, Baker's appeal was not perfected.

In March 2003, Baker wrote to the court of appeals to inquire about the status of his appeal. The clerk of the court replied that no notice of appeal had been filed and suggested Baker contact his trial counsel. Baker followed this advice and his trial counsel responded with a letter reminding him that he had not agreed to represent Baker in "any appellate actions or other post-conviction motion," and wishing him luck with his appeal. Attached to the letter was a copy of the notice of appeal counsel had typed for him. Reviewing it, Baker discovered that notice had been incorrectly filed in the district court. Following this discovery, Baker again wrote to the clerk of the court of appeals, informing him of the error and asking for a lawyer as well as advice on what steps, if any, he could take to perfect his appeal. There is no response to this letter in the record.

On March 12, 2004, Baker filed a new notice of appeal in the court of appeals and a motion for appointment of counsel in the district court. This time, the district court appointed the Office of the Public Defender to pursue Baker's direct appeal. Six weeks later, the court of appeals issued an order to Baker directing him to show cause why the notice of appeal should not be dismissed for lack of jurisdiction due to failure to file timely notice. The public defender appeared for Baker and responded to the order to show cause by arguing that Baker should not be unfairly prejudiced by the ineffective assistance of his trial counsel who failed to perfect his direct appeal in violation of Crim. P. 44(e). In a one sentence order, the court of appeals dismissed Baker's appeal as untimely. One judge dissented. Baker then petitioned this court for relief pursuant to C.A.R. 21. We issued a rule to show cause why the appeal should not be accepted and now make the rule absolute.

## II. Analysis

The right to direct appeal of a criminal conviction is fundamental. *Weason v. Colorado Court of Appeals*, 731 P.2d 736, 737 (Colo.1987); *Haines v. People*, 169 Colo. 136, 454 P.2d 595 (1969); *see also* § 16–12–101, C.R.S. (2004) ("Every person convicted of an offense under the statutes of this state has the right of appeal to review the proceedings resulting in conviction."). C.A.R. 4(b) establishes a timeline for filing a notice of appeal in criminal cases and requires that notice be filed within forty-five days after entry of judgment. Unless notice of appeal is timely filed, the court of appeals lacks jurisdiction to hear the appeal. *Estep v. People*, 753 P.2d 1241, 1246 (Colo.1988); *see also* C.A.R. 3(a).

However, C.A.R. 4(b)(1) also provides that, before or at any time after the initial time expires, an additional thirty day extension can be granted upon a showing of excus-

able neglect. Additionally, C.A.R. 26(b) allows the appellate court to enlarge the time for filing or permit an act to be done after the expiration of a deadline for good cause shown. *People v. Allen*, 182 Colo. 395, 397, 513 P.2d 1060, 1061 (1973). C.A.R. 2 also allows the court of appeals to suspend the requirements or provisions of any of the appellate rules in a particular case "in the interest of expediting decision, or for other good cause shown." Taken individually and collectively, the Rules confer discretion on the court of appeals to extend jurisdiction over appeals filed outside the forty-five day time limit under certain circumstances upon a showing of excusable neglect or good cause.

■ Although the court of appeals' discretion in accepting late-filed notices of appeal is broad, it may not be exercised in a manner that is arbitrary, unreasonable or unfair. *Estep*, 753 P.2d at 1247. With that standard in mind, we next consider whether the court of appeals abused its discretion when it rejected Baker's appeal. We conclude that Baker demonstrated ample factors to support a finding of good cause to allow late filing and the court of appeals therefore abused its discretion by dismissing his appeal.

Baker's trial counsel had a duty to perfect Baker's appeal by properly filing notice in the court of appeals. Even though counsel may have mistakenly believed that because he had not agreed to represent Baker on appeal, his responsibilities to his client ended at sentencing, and he was merely submitting Baker's appeal notice "as a courtesy," Crim. P. 44(e) provides otherwise. In relevant part, Crim. P. 44(e) states that counsel's representation of a defendant terminates:

> (III) After a sentence to incarceration is imposed upon conviction when no motion has been timely filed pursuant to Crim. P. 35(b) or such motion so filed is ruled on; or (IV) When notice of appeal is filed by the defendant.

Baker's trial counsel filed a Crim. P. 35(b) motion on April 8, 2002. Because appellate counsel had not been appointed prior to that time, and trial counsel had not moved to withdraw, Baker's trial counsel was counsel of record at the time the forty-five day period for filing a notice of appeal under C.A.R. 4(b) expired. Plainly, counsel neglected his duties to his client by failing to follow the proper procedures for filing a notice of appeal and filing the notice in the wrong court.

■ To establish excusable neglect, the circumstances must show that "there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as the result of some unavoidable hindrance or accident." *Farmers Ins. Group v. Dist. Court*, 181 Colo. 85, 89, 507 P.2d 865, 867 (1973). The circumstances surrounding the failure of Baker's trial counsel to correctly file a notice of appeal do not meet that standard, because the error resulted from counsel's carelessness and ignorance of his responsibilities. *See Estep*, 753 P.2d at 1247. Thus, Baker cannot make the showing of excusable neglect necessary for a grant of an extra thirty days to file under C.A.R. 4(b)(1).

■ This does not mean that Baker should be denied his right to appeal. Under C.A.R. 26(b), the court of appeals may permit an appeal to be filed after the initial forty-five day time period for good cause shown.[1] The determination of whether good cause exists naturally depends on the particular facts of each case and should be made after assessing the totality of the circumstances. In *Estep*, we concluded that when counsel's neglect to file is inexcusable, the court can consider "whether other factors weigh heavily in favor of permitting the late filing." 753 P.2d at 1248. Three nonexclusive factors outlined in *Estep* included: 1) the potential prejudice the People may suffer from late filing, 2) the interests of judicial economy, and 3) the pro-

---

1. C.A.R. 26(b) provides that "the appellate court for good cause shown may *upon motion* enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time." (emphasis added). Although Baker did not file a formal motion asking for an enlargement of time to file his appeal, we will treat Baker's correspondence with the court of appeals and subsequent filing of a pro se notice of appeal and motion to appoint counsel as the equivalent of a motion to allow a late-filed notice of appeal.

priety of requiring the defendant to pursue other remedies.[2] *Id.*

Here, these factors, as well as several others, favor requiring Baker's appeal to be reinstated for good cause under C.A.R. 26(b). Baker's failure to file a timely appeal can be attributed to the failure of both his trial counsel and the trial court to perform duties owed to criminal defendants. Despite personal beliefs to the contrary, Baker's trial counsel was counsel of record at the time the notice of appeal should have been filed and was therefore obligated to ensure Baker's appeal was perfected. The failure to do so amounts to ineffective assistance of counsel. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (Appellate counsel's failure to file a statement of appeal with the Kentucky Court of Appeals constituted ineffective assistance of counsel for purposes of the sixth amendment.); *Estep,* 753 P.2d at 1248. Although the failure of trial counsel to perform his obligations may not amount to excusable neglect, it can be considered as a factor contributing to a finding of good cause.

Baker's efforts to file a timely appeal were also frustrated by the trial court's failure to perform its prescribed duties. Under Crim. P. 32(c), the trial court was required at sentencing to determine whether Baker was claiming indigency and advise him of an indigent's right to appointment of counsel for appeal.[3] The trial court's failure to observe these safeguards is particularly egregious in light of the fact that Baker had filed a motion to proceed *in forma pauperis* and counsel had orally reported to the court that Baker

was "interested in a public defender being appointed." These actions should have put the court on notice that Baker was probably indigent and would be unrepresented in the future, making the protections of Crim. P. 32(c) crucial for Baker. *See Rodriquez v. United States,* 395 U.S. 327, 331–32, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) ("Counsel's attempt to obtain leave for petitioner to proceed *in forma pauperis* should have put the trial judge on notice that petitioner would be unrepresented in the future.").

The considerations outlined in *Estep* provide further support for a finding of good cause shown under C.A.R. 26(b). The prosecution cannot complain of prejudice from late filing when the district attorney received actual notice of Baker's intent to appeal his conviction in December 2001. *See Widener v. Dist. Court,* 200 Colo. 398, 400, 615 P.2d 33, 34 (1980) (Although defendant failed to file notice of appeal, motion to stay judgment and for approval of a supersedeas bond contained adequate language to serve as notice of appeal. "If the prevailing party could not be misled as to the intention to appeal or as to the judgment from which the appeal is to be taken, any technical defect in the notice of appeal is harmless."). The prosecution was present at the sentencing hearing where the court noted that it had received a motion to proceed *in forma pauperis* and Baker's counsel informed the court that Baker wished to be represented by the public defender, thereby indicating Baker's intent to appeal. Furthermore, when Baker's trial

---

**2.** In the answer to the order to show cause, the People make much out of the fact that Baker's notice of appeal was filed several years after the C.A.R. 4(b) deadline, in contrast to other circumstances where we have ordered the court to accept late filings. *See Estep,* 753 P.2d at 1247 (notice of appeal filed a few days late); *Weason,* 731 P.2d at 737 (same). The People assert that one of the *Estep* factors for good cause is that "the notice of appeal is filed only a few days late." Not only does *Estep* not state any timing requirement, but Colorado has indicated that the mere fact a motion was filed several years late would not be a bar under certain circumstances. *See, e.g., Swainson v. People,* 712 P.2d 479 (Colo.1986) (Crim. P. 35 motion to reduce sentence filed over two years after statutory deadline); *People v. Allen,* 182 Colo. 395, 513 P.2d 1060, 1061 (1973) (allowing

notice of appeal to be filed over a year after entry of judgment); *People v. Boivin,* 632 P.2d 1038 (Colo.App.1981) (notice of appeal filed almost four years late).

**3.** Crim. P. 32(c) mandates:

> The court shall, after passing sentence, inform the defendant of his right to seek review of his conviction. The court shall at that time make a determination whether the defendant is indigent, and if so, the court shall inform the defendant of his right to the assistance of appointed counsel upon review of his conviction, and of his right to obtain a record on appeal without payment of costs.

In the present case, the court informed Baker of his right to appeal but did not perform the other required inquiries and advisements.

counsel erroneously filed the notice of appeal only in the district court, a copy of the notice was also hand-delivered to the district attorney.

Additionally, the interests of judicial economy would be furthered by allowing the direct appeal to proceed. If the dismissal of Baker's appeal were upheld, his remaining remedy would be to bring a Crim. P. 35(c) motion. Baker would have at least two grounds on which to base this motion. First, he could allege that his appeal was improperly dismissed due to ineffective assistance of counsel. *See Evitts,* 469 U.S. at 399–400, 105 S.Ct. 830; *Estep* 753 P.2d at 1248. Second, Baker could argue that he was wrongfully deprived of his right to appeal by the trial court's failure to determine whether he was indigent and failure to advise him of an indigent's right to appointment of counsel for appeal under Crim. P. 32(c). *See Rodriquez,* 395 U.S. at 331–32, 89 S.Ct. 1715 (Supreme Court directed district court to resentence defendant in order to allow him to perfect his appeal where the trial judge erroneously failed to advise him of his right to appeal); *Boivin,* 632 P.2d at 1041 (defendant's right to appeal frustrated by trial court's failure to advise defendant of his appellate rights). As in *Estep* and *Weason,* requiring the defendant to pursue these remedies would "not serve the interests of substantial justice and judicial economy." *Estep,* 753 P.2d at 1241 (quoting *Weason,* 731 P.2d at 738 n. 2). Like the defendant in *Estep,* it has been several years since Baker was convicted. Further delay in considering the merits of his appeal will not serve society's or Baker's interest in finality. *Id.; see also Rodriquez,* 395 U.S. at 331, 89 S.Ct. 1715 ("Six years have now elapsed since petitioner was sentenced, and we do not see how further delay and further prolonged proceedings would serve the cause of justice.").

Pursuing a Crim. P. 35(c) motion is also not an adequate substitute for a direct appeal. A trial court will not hear a Crim. P. 35(c) motion unless the defendant is able to allege error of constitutional proportion or undiscovered facts. Crim. P. 35(c)(2). As a result, many issues that could have been addressed by the appellate court on direct appeal would never be reviewed at all.

In sum, Baker has demonstrated sufficient factors to constitute a finding of good cause for enlargement of the time period during which notice of appeal can be filed. As a consequence, we find that the court of appeals abused its discretion by dismissing Baker's appeal as untimely. We recognize that remand to the district court for factual findings may be the appropriate remedy in some cases. Here, however, we believe the record firmly establishes the failures of both trial counsel and the sentencing court to perform duties owed to the defendant, rendering remand unnecessary.

### III. Conclusion

Although trial counsel's neglect in failing to file a timely notice of appeal was inexcusable, Baker was able to make a showing of good cause for enlargement of the time prescribed by C.A.R. 4(b) for filing a notice of appeal for a criminal conviction. Accordingly, we make our rule absolute. We order the court of appeals to accept Baker's notice of appeal as timely and proceed with the appeal.

Justice COATS dissents, and Justice KOURLIS joins in the dissent.

COATS, J., dissenting.

Largely on the basis of the trial court's failure to fully inform the defendant of his right to appellate representation—once his trial counsel's duty to perfect an appeal had been completed—as well as the defendant's allegation that his trial counsel agreed to file a pro se notice of appeal on his behalf but failed to do so, the majority finds that the court of appeals was not only permitted, but in fact required, to accept the defendant's notice of appeal more than two years out of time. Because I believe the law provides the defendant an adequate remedy but requires him first to establish both his factual allegations and the meritoriousness of his appeal; and because I firmly believe that the liberties taken by the majority with our prior interpretations of the appellate rules will return to haunt the appellate courts of this jurisdiction, I respectfully dissent.

The majority finds that good cause for purposes of C.A.R. 26(b) was necessarily established because the defendant would prevail on a motion for post-conviction relief claiming ineffective assistance of counsel anyway, and because his efforts to file a timely appeal were frustrated by the trial court's failure to advise him according to Crim. P. 32(c). As to the former ground, this court has in the past flatly rejected any reading of *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), that would dictate a finding of ineffectiveness of counsel without some showing of prejudice, beyond a mere inability to appeal. *See People v. Valdez,* 789 P.2d 406, 409–10 (Colo.1990). With regard to the latter ground, the majority revives and relies on a split court of appeals holding that has lain dormant for twenty-five years, the underlying rationale of which was at least questionable at the time and has since been superseded by rule changes reallocating the responsibility for perfecting an appeal.

Although neither the defendant nor his former trial counsel has testified under oath or been subject to cross-examination, the sequence of filings and the content of their written communications strongly suggest that trial counsel's failure to understand his obligation to perfect an appeal, and therefore his substandard representation in this regard, could be established at an evidentiary hearing. Even if so, however, we have previously held that ineffective assistance at the appellate level, just as at the trial level, requires a showing of prejudice. *Id.* at 410. In addition to a demonstration that he communicated his intent for counsel to perfect an appeal, and presumably that he did not abandon that appeal during the intervening two years, the defendant would be required to demonstrate that he in fact had meritorious grounds for an appeal. *Id.* We therefore cannot predict with any degree of certainty that he would be able to establish ineffective assistance of counsel such as to entitle him to reinstatement of an appeal.

Similarly, with regard to Crim. P. 32(c), the trial court informed the defendant, after sentencing, of his right to appeal; the defendant was not only aware of his right to representation but actually requested appellate representation by the public defender and was informed that his request would be considered upon filing a motion; and the defendant was represented by an attorney at the time. Although information concerning a defendant's right to appeal and to be represented on appeal remains a requirement of Crim. P. 32, that information is no longer essential to perfecting an appeal because Crim. P. 44(e) now assigns to trial counsel the obligation to ensure that his client's appeal is perfected, if the client so desires, before counsel's representation is terminated.

Whether or not the trial court sufficiently complied with the requirements of the rule, under these circumstances, it is clear that the defendant understood his right to appeal and, for whatever reason, relied on his trial counsel to file a pro se notice of appeal rather than moving for representation by the public defender. His efforts to perfect an appeal were clearly not frustrated by any failure of the sentencing court. At most his failure resulted from the ineffective assistance of his counsel, which he should be entitled, and required, to establish.

In *Estep v. People,* 753 P.2d 1241 (Colo. 1988), we extended the "good cause" exception of C.A.R. 26(b) to include, without a hearing on the effectiveness of counsel's representation, a filing that was only days late, and was the undisputed product of a communication failure resulting at least in part from an attempt by defense counsel to cooperate with the district attorney's request to first finalize related motions. Under those circumstances, this court was able to express confidence that the state was not prejudiced by such a short delay. I strongly disagree, however, with any suggestion, *see* maj. op. at —— n. 2, that we have also taken it upon ourselves to find an absence of prejudice in filings that were years late. *Cf. Swainson v. People,* 712 P.2d 479 (Colo.1986) (remand for hearing and factual findings concerning defendant's claims of ineffective assistance and excusable neglect); *People v. Allen,* 182 Colo. 395, 513 P.2d 1060 (1973) (dismissal of appeal for late filing, without prejudice for defendant to file motion in trial court pursuant to C.A.R. 26(b) to assert good cause there); *People v. Boivin,* 632 P.2d 1038 (Colo.App.

1981) (permitting late filing where People failed to meet their burden of demonstrating compliance with Crim. P. 32(c) at factual hearing on motion for post-conviction relief).

Where the effectiveness of defense counsel, or either good cause or excusable neglect for that matter, is contingent upon the communicated intent of the defendant or lack of prejudice to the People, there are salutary reasons for requiring a factual determination. Because an appellate court is without any effective means of resolving such factual questions, a motion for post-conviction relief and a hearing in the district court are an appropriate procedural vehicle for doing so. At least where a defendant has rested on his laurels for several years, without actively prosecuting his own, pro se appeal, or even inquiring whether it was properly initiated and remains active, I do not consider it overly burdensome, or a mere technicality, to require him to establish his bona fides. I fear that today's holding will effectively force appellate courts to simply accept the self-serving allegations of defendants who fail to perfect a timely appeal.

I therefore respectfully dissent.

I am authorized to state that Justice KOURLIS joins in this dissent.