**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMAL L. WARD,

      Petitioner-Appellant,

v.

ANGEL MEDINA, Warden, L.C.F.; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 12-1310

(D.C. No. 1:12-cv-00572-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Jamal L. Ward, a prisoner in Colorado, appeals pro se from the district court's

denial of his § 2254 habeas petition. We deny Ward a COA, deny his motion to proceed

in forma pauperis (ifp), and dismiss this matter for failure to satisfy the requirements for a

COA to challenge the district court's dismissal on exhaustion grounds.

**I. Background**

Ward was convicted by a jury on three counts of first-degree assault and one count

of prohibited use of a weapon. The state trial court found Ward guilty on two habitual

_____

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

criminal counts, and imposed prison sentences of forty-eight years on each of the assault convictions. The state trial court ordered the sentences on counts one and two to be served consecutively and the sentence on count three to be served concurrently with the sentences on counts one and two. On the prosecution's motion, the court dismissed the prohibited weapon count.

Ward appealed his convictions and sentence to the Colorado Court of Appeals. The Colorado Court of Appeals affirmed his conviction and sentences, except for the trial court's sentencing on count three. The court held that the concurrent sentence imposed on count three was illegal because the trial court was statutorily required to impose a consecutive sentence on that count. The Colorado Court of Appeals remanded for resentencing on count three. The Colorado Supreme Court denied certiorari review. On remand, the trial court resentenced Ward in compliance with the Colorado Court of Appeals's mandate. Ward did not appeal from this resentencing.

On June 28, 2010, Ward filed motions for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and for appointment of counsel. The state filed its response to Ward's motion on September 2, 2010. On August 19, 2011, the state trial court denied Ward's motions. On October 28, 2011, Ward filed a petition with the Colorado Supreme Court seeking an order directing the trial court to show cause why it had not ruled on his Rule 35(c) motion. The Colorado Supreme Court denied the motion on November 7, 2011. Ward contends that he was not served with a copy of the trial court's August 19, 2011, order, and on December 23, 2011, Ward filed a motion

2

asking the state trial court to issue a new order denying his Rule 35(c) motion nunc pro tunc to August 19, 2011. The state trial court denied the motion on December 28, 2011. Ward did not appeal the trial court's denial of his motion. Instead, he filed a Petition for Rule to Show Cause with the Colorado Supreme Court on January 27, 2012, in which he sought review of the trial court's denial of his motion seeking an order nunc pro tunc, as well as its failure to serve him a copy of the initial order of denial. The Colorado Supreme Court denied the petition on February 9, 2012.

On March 5, 2012, Ward filed a 28 U.S.C. § 2254 habeas petition with the federal district court asserting three claims for relief: (1) denial of the right to postconviction counsel; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. The district court dismissed claim one for failure to raise a cognizable federal constitutional claim, and the district court dismissed claims two and three for failure to exhaust state remedies because Ward had a "reasonable probability" of obtaining a delayed appeal from the denial of his Rule 35(c) postconviction motion. R. at 179. The district court also denied Ward ifp status for the purpose of appeal.

## II. Analysis

Ward presents three issues to this court: (1) whether the district court abused its discretion in dismissing his habeas petition; (2) whether the state waived the exhaustion requirement and whether exhaustion is required under the recent Supreme Court ruling of Martinez v. Ryan, 132 S. Ct. 1309 (2012); and (3) whether the district court abused its discretion when it failed to employ the stay and abeyance procedures outlined in Rhines

v. Weber, 544 U.S. 269 (2005).

A petitioner seeking habeas relief must obtain a COA before this court may consider the merits of his appeal. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."). To be entitled to a COA, Ward must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (quotations omitted). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, this court will issue a COA only "if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Under 28 U.S.C. § 2254(b)(1), an application for writ of habeas shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Otherwise, there must be "an absence of available State corrective process" or "circumstances . . . that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Here, Ward failed to exhaust his remedies in state

4

court.  According to the Colorado Appellate Rules, a notice of appeal must be filed within forty-nine days, and the time for filing can be extended up to thirty-five days.  C.A.R. 4(b)(1).  However, the Colorado Appellate rules also "confer discretion on the court of appeals to extend jurisdiction over appeals filed outside the . . . time limit under certain circumstances upon a showing of excusable neglect or good cause."  People v. Baker, 104 P.3d 893, 896 (Colo. 2005).  C.A.R. 26(b) allows the appellate court "for good cause shown" to enlarge the time prescribed in the appellate rules or may permit an act to be done after the expiration of the time prescribed.  Additionally, C.A.R. 2 allows the appellate court to "suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction."

Applying these provisions, the Colorado Supreme Court has allowed a litigant to file a notice of appeal more than two years out of time.  Baker, 104 P.3d at 898.  Jurists of reason would not find it debatable whether the district court was correct in finding that Ward did not exhaust his state remedies.  Ward had not appealed the state trial court's December, 28, 2011, order denying his Rule 35(c) motion nunc pro tunc to August 19, 2011.  Nor had Ward moved to file a late appeal from the trial court's August, 19, 2011, order denying his Rule 35(c) motion.[1]  Accordingly, we deny Ward a COA on the issue of

_____

[1] We note that on November 15, 2012, Ward submitted a motion to this court to take judicial notice that the Colorado Court of Appeals dismissed his out-of-time appeal with prejudice on November 7, 2012.  We conclude that the district court's dismissal of Ward's habeas petition for failure to exhaust state remedies is nonetheless correct because

(continued...)

whether the district court abused its discretion in dismissing his habeas petition.

Ward further argues that the government waived its exhaustion requirement and that the exhaustion requirement may no longer apply after the Supreme Court case Martinez v. Ryan. After reviewing the record, we conclude that the government has not waived the exhaustion requirement. Ward contends that in Respondents' Response to Order to Supplement the Record, both the government and the district court have conceded the exhaustion requirement. Aplt. Br. at 3(d)-3(e). The government conceded that Ward failed to receive a copy of the state trial court's dismissal order dated August 19, 2011, but the government did not concede or waive the exhaustion requirement. See R. at 169.

Further, we conclude that Martinez has no impact on this case. In Martinez, the Supreme Court recognized a limited exception to Coleman v. Thompson, 501 U.S. 722, 752-54 (1991), which holds that habeas petitioners have no constitutional right to postconviction counsel so deficient performance by counsel cannot excuse procedural default. Martinez, 132 S. Ct. at 1315. The narrow exception that Martinez recognizes is that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id; see also Banks v. Workman, 692 F.3d 1133, 1147-48 (10th Cir. 2012) (recognizing the limited holding in Martinez). Here, Ward failed to fully exhaust the

---

[1](...continued)
Ward had not exhausted his state remedies when he filed a federal habeas petition with the district court.

6

Colorado state court remedies, and he is not asserting an exception to procedural default. Accordingly, we conclude that <u>Martinez</u> has no impact on this case. <u>See</u> <u>Martinez</u> at 1316 (explaining that procedural default occurs when "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule").

Finally, Ward argues that the district court abused its discretion when it failed to exercise the stay and abeyance procedures outlined in <u>Rhines v. Weber</u>. The Supreme Court in <u>Rhines</u> held that stay and abeyance should be available only in limited circumstances and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and if the unexhausted claims are potentially meritorious. <u>Rhines</u>, 544 U.S. at 277. The district court did not abuse its discretion in declining to stay the matter given that there was no good cause for Ward's failure to exhaust his claims in state court.

## III. Conclusion

We DENY a COA, DENY Ward's motion to proceed ifp, and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Chief Judge

7