FILED
United States Court of Appeals
Tenth Circuit

March 3, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DIRK BROWN,

     Petitioner - Appellant,

v.

JASON LENGERICH, BVCC Warden;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

     Respondents - Appellees.

No. 16-1110
(D.C. No. 1:15-CV-01748-PAB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

     Dirk Brown was convicted in Colorado state court of kidnapping, aggravated

robbery, conspiracy, and theft. He was adjudicated a habitual offender and sentenced

to an aggregate term of 256 years in prison. His direct appeal failed to afford him

relief and the state supreme court denied certiorari. While his direct appeal was

pending, he filed several motions in state court alleging newly discovered evidence

_____

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

asserting the detective who testified at his trial gave false testimony. After his state appellate remedies failed he did not seek any other relief from the state courts to challenge his conviction.[1] Instead, he filed this 28 U.S.C. § 2254 habeas petition. The district judge granted him leave to proceed without prepayment of fees, but denied habeas relief and denied a certificate of appealability (COA). Proceeding pro se, as he did in the district court, Brown now seeks a COA from this court. We deny the request and dismiss this matter.

## I. BACKGROUND

Brown's convictions resulted from the robbery of a pawn shop. As soon as the shop opened, two robbers walked in, both wearing disguises and carrying guns. One robber held the two shop employees and a customer at gunpoint. The other robber smashed a jewelry case with a crowbar and put the jewelry from the case into a duffel bag. He then took a bottle of detergent from the duffel, poured detergent on the jewelry case, and dropped the bottle on the floor. After taking personal possessions from the store employees and the customer, the robbers fled. They were in the shop for under three minutes. One of the store employees had pressed a panic button, so police soon arrived. A responding detective noticed bright red smears on the handle of the detergent bottle, which she took for blood.

---

[1] Brown refers to a related civil case and appeal he filed against the police department in state court. *See Brown v. Sheridan Police Dep't*, No. 15CA0801, 2016 WL 3130975 (Colo. Ct. App. June 2, 2016) (unpublished). Claims made in the civil case cannot support his habeas claims.

2

The three smears on the bottle were tested for blood; two were blood, one was not. The blood smears matched Brown's DNA. That evidence was the only direct link between him and the robbery. He suggested the detergent bottle was taken from a public laundromat prior to the robbery.

A jury convicted him in 2010. The Colorado Court of Appeals (CCA) affirmed his conviction and sentence in 2014, and the Colorado Supreme Court denied certiorari in 2015.

## II.  DISCUSSION

### A.  Applicable Law

A COA is required for a state prisoner to appeal from a denial of federal habeas relief. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). "Where a district [judge] has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district [judge's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In contrast, where the district judge decided the petitioner was not entitled to habeas relief based on a procedural default, a COA will not issue unless the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

3

> Because the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies here, we keep in mind that when a state court previously adjudicated the merits of a claim, a federal court may grant habeas relief only if that state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

*Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1524 (2016).

We have liberally construed Brown's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

### B.    Sufficiency of the Evidence

According to Brown the detective's testimony about fresh blood smears on the detergent bottle was incredible because of the time lapse between the robbers' exit and the police officers' arrival a few minutes after the robbers left. From that dubious hypothesis he claims the evidence was insufficient to convict him.[2] The CCA addressed and rejected his claim on direct appeal.

---

[2]    Brown now advances a claim of newly discovered evidence based on the surveillance videotape of the robbery. He says the tape shown to the jury was doctored to reflect the police officers' arrival one minute after the robbers departed, while the alleged newly discovered tape shows the officers' actual arrival five and

(continued)

4

The district judge concluded the CCA reasonably applied the clearly established Supreme Court standard for evidence sufficiency announced in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[W]hether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). He also, correctly, refused to re-determine witness credibility in a federal habeas proceedings. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Finally, he concluded, Brown failed to make the necessary showing to establish a due process violation with respect to the allegations of perjury on the part of the detective. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959) (stating prosecutor who knowingly presents false evidence violates due process); *United States v. Caballero*, 277 F.3d 1235, 1243 (10th Cir. 2002) ("In order to establish a due process violation, the [defendant] must show that (1) [the witness's] testimony was in fact false, (2) the prosecution knew it to be false, and (3) the testimony was material."). The propriety of those decisions is not debatable.

---

one-half minutes later. Brown briefly mentioned this theory in his post-judgment motion for a COA in the district court (with respect to the detective's alleged perjury), but, critically, he did not raise it in his habeas petition or otherwise bring it to the attention of the judge. Consequently, the claim was not addressed and we deem it waived. *Cf. Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015) ("Because the argument was not raised in his habeas petition, it is waived on appeal."), *cert. denied*, 136 S. Ct. 1180 (2016).

## C.    Destruction of Evidence

Brown asserted the lab employees committed a Fourteenth Amendment due process violation when they destroyed exculpatory evidence in testing the blood smears on the detergent bottle and in dusting the bottle for fingerprints.  The CCA rejected this claim.  The law is clear: "unless a criminal defendant can show bad faith on the part of the [lab employees], failure to preserve potentially useful evidence does not constitute a denial of due process of law."  *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).  Brown made no bad-faith showing.

## D.    Fourth Amendment Violation

In state court Brown asserted the warrant for his arrest was invalid and his arrest was illegal because the warrant described the person sought as six feet, four inches tall and weighing 465 pounds, while he is six feet tall and weighs 160 pounds.

The state trial judge found no evidence of the wrong person being arrested. The federal district judge also considered the claim and determined the state-court proceedings afforded Brown an opportunity for full and fair litigation of his Fourth Amendment claim, so review in federal court was barred.  *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnote omitted)).

6

**E.     Alleged Newly Discovered Evidence/*Brady* Claim**

Brown appears to make two claims based on the alleged newly discovered evidence he speculates is in an Internal Affairs Investigation Report prepared by the police department.  He claimed the investigation was in response to his complaint asserting the investigating detective committed perjury when she testified the blood stains on the detergent bottle were fresh.  The state court record indicates, however, the report was not released due to confidentiality rules.  Nevertheless, based on this speculation, Brown made two related claims:  (1) the newly discovered evidence rendered his conviction unconstitutional, and (2) the newly discovered evidence formed the basis of a *Brady* due process claim.[3]

In the federal habeas proceedings, Brown requested discovery of the Internal Affairs Investigation Report and the detective's employment file to show she engaged in misconduct in his case.  A habeas petitioner must show "good cause" to be entitled to discovery.  *See* Rules Governing Section 2254 Cases, Rule 6(a); *see also Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (stating good cause requires "specific allegations" showing "reason to believe" the petitioner may "be able to demonstrate that he is entitled to relief." (ellipsis and internal quotation marks omitted)).  Acknowledging clear law, the district judge denied Brown's discovery request because he failed to show good cause.  Brown's speculation about the

---

[3]     "Under *Brady* [*v. Maryland*, 373 U.S. 83 (1963)], the prosecution has a duty to disclose material impeachment evidence that is favorable to the defense." *McCormick v. Parker*, 821 F.3d 1240, 1246 (10th Cir. 2016).

contents of the files, the judge concluded, did not constitute a specific allegation indicating entitlement to habeas relief and, further, the allegation was insufficient to support Brown's conclusory claim about the detective having given false testimony at his trial. We find no abuse of discretion in the decision to deny Brown's discovery request. *See LaFevers v. Gibson*, 182 F.3d 705, 723 (10th Cir. 1999) (reviewing district judge's decision on good cause for abuse of discretion).

Turning to the substance, Brown did not exhaust either claim in the state courts. Although he filed various motions in the state trial court asserting the newly discovered investigation report showed the detective had testified falsely at his trial, he did not appeal the orders denying his motions to the CCA. And Brown's state trial court motions did not raise a *Brady* claim.

The district judge did not consider the merits of either claim because Brown failed to exhaust them in the state courts. *See* 28 U.S.C. § 2254(b)(1) (precluding habeas review unless the applicant has exhausted state-court remedies, no state remedy is available, or the available process is "ineffective to protect the rights of the applicant"); *accord O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006). But Brown cannot now appeal the

8

state trial court's orders entered in 2012, 2013, and 2014 denying his postconviction motions claiming newly discovered evidence. *See* Colo. App. R. 4(b) (requiring notice of appeal in criminal case to be filed within 49 days after entry of the order appealed from).[4]

As for the *Brady* claim, Brown could theoretically return to state district court to exhaust this claim. If he did so, however, the state courts would decline to consider the claim because it could have been presented earlier. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought . . . ."). In addition, a motion collaterally attacking his 2010 conviction is now time-barred. *See* Colo. Rev. Stat. § 16-5-402(1) (requiring collateral attack on conviction to be filed within three years for felonies such as Brown's).

Thus, these claims were subject to an "anticipatory procedural bar." *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (internal quotation marks omitted)). To avoid

---

[4] Rule 26(b) of the Colorado Rules of Appellate procedure provides "[t]he appellate court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time . . . ." Brown's case suggests no factors favoring a late appeal for good cause. *See People v. Baker*, 104 P.3d 893, 897-98 (Colo. 2005) (discussing factors relevant to allowing appeal to be reinstated under Rule 26(b)).

9

the anticipatory procedural bar, Brown would need to show either (1) "cause" for failing to present the claims in earlier proceedings and resulting "prejudice" or (2) a fundamental miscarriage of justice based on a credible showing of actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014).

In the federal habeas proceedings Brown made a cursory claim of actual innocence but made no claim of cause for not exhausting or presenting his claims earlier. After noting the state of the law, the federal district judge held Brown's claims were subject to anticipatory procedural default and he failed to demonstrate cause for the procedural default. The court further held Brown's conclusory assertion of actual innocence was inadequate to excuse the procedural bar. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (holding to state a credible claim that constitutional error caused the conviction of an innocent person "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"). Any attempt to exhaust at this late date, the district judge concluded, would be time-barred and Colorado's procedural bar on successive petitions was an independent and adequate state procedural ground. The district judge found no applicable exceptions to the exhaustion requirement and Brown has not shown how the judge's analysis is reasonably debatable.

Brown requested the federal habeas time bar be tolled. But the district judge did not dismiss any of Brown's claims as filed outside the habeas time bar, so no

10

tolling of the time bar was necessary. *See* 28 U.S.C. § 2244(d)(1) (establishing a one-year statute of limitations to file motions under 28 U.S.C. § 2254). Brown did not demonstrate a basis in the district court for an evidentiary hearing, so we find no abuse of discretion in the decision to deny such a hearing. *See Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010) (reviewing denial of an evidentiary hearing for abuse of discretion).

## III. CONCLUSION

The rulings of the district judge were, in all respects, well considered and proper. More important, they are not even debatably incorrect. We deny a COA and dismiss this matter.

That leaves only the matter of filing and docketing fees. Brown was initially permitted to proceed in forma pauperis (ifp) in the district court. After the district judge denied his habeas petition, denied him a COA, and denied a flurry of his post-decision motions, Brown filed a notice of appeal. At that point the district judge could and should have reviewed Brown's ifp status to determine whether his appeal could be taken in good faith. Fed. R. App. P. 24(a)(3)(A). Unfortunately, that did not happen so his ifp status automatically continued, Fed. R. App. P. 24(a)(3), and he was permitted to proceed on appeal without prepayment of filing and docketing fees. But that does not end the matter. Only prepayment of fees is excused, not the fees themselves. 28 U.S.C. § 1915(a)(1). Brown is responsible for the full amount of the

11

filing and docketing fees ($505.00). Payment is to be made to the Clerk of the

District Court.

Entered for the Court


Terrence L. O'Brien
Circuit Judge