FILED
United States Court of Appeals
Tenth Circuit

June 28, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

VALDAMAR LANSKY,

      Petitioner - Appellant,

v.

JASON LENGERICH; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 16-1431
(D.C. No. 1:16-CV-00889-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Valdamar Lansky, a Colorado prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

28 U.S.C. § 2254 habeas application. To obtain a COA, Lansky must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C.

---

\* This order isn't binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. But it may be cited for its
persuasive value. _See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. But we don't act as an
advocate for pro se litigants. _Garrett v. Selby Connor Maddux & Janer_, 425
F.3d 836, 840 (10th Cir. 2005).

§ 2253(c)(2). Because he hasn't made this showing, we deny his COA application and dismiss this matter.

In 2008, a Colorado jury convicted Lansky of four counts of sexual assault on a child. The trial court determined that Lansky was a habitual sex offender and sentenced him to four concurrent terms of 36 years to life in prison. The Colorado Court of Appeals (CCA) affirmed the conviction on direct appeal on July 29, 2010. Lansky didn't seek review by the Colorado Supreme Court.

In 2013, Lansky filed a petition for postconviction relief (PCR) in state court. The court denied that petition. Nearly one year later, Lansky attempted to appeal out of time the state court's denial of his PCR petition. In doing so, Lansky asserted that the state court's alleged failure to timely notify him of its denial of that petition constituted good cause sufficient to justify the late filing of his appeal. *See People v. Baker*, 104 P.3d 893, 896 (Colo. 2005). The CCA rejected that argument and dismissed the appeal as untimely.

Lansky filed this action on April 20, 2016. His amended petition for a writ of habeas corpus contains ten purported claims. First, Lansky asserts— as he did in the CCA—that the state court failed to give Lansky notice that it had denied his PCR petition. The district court dismissed this claim, noting that challenges to a state's post-conviction remedy, rather than the

underlying judgment, aren't reviewable in a habeas action. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998).

The district court dismissed Lansky's nine remaining claims as time-barred. The court noted that a one-year statute of limitations applies to Lansky's habeas claims. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The district court concluded that Lansky's statutory period began running on September 13, 2010, which was "the date on which [Lansky's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The district court calculated this date by starting from July 29, 2010—when the CCA affirmed Lansky's conviction on direct appeal—and then adding 46 days—the time within which Lansky was required to seek certiorari of that affirmance in the Colorado Supreme Court. *See* Colo. App. R. 52(b)(3) (2009).

Next, the district court concluded that Lansky's PCR petition didn't toll the statute of limitations. *See* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). In reaching that conclusion, the district court noted that Lansky didn't file his PCR petition

until 2013, after the one-year limitations period had already run. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (explaining that PCR proceedings initiated more than one year after final judgment don't toll limitations period).

Finally, the district court concluded that Lansky isn't entitled to equitable tolling. To benefit from equitable tolling, Lansky needed to demonstrate "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The district court concluded that Lansky didn't make either showing. With respect to the first requirement, the court noted that Lansky delayed filing this habeas action for more than five months after his PCR proceedings concluded. As for the second element, although Lansky asserted that the state court failed to give Lansky notice that it denied his PCR petition, the district court again noted that Lansky filed his petition after the limitations period had expired. Accordingly, the district court concluded that Lansky's claims are time-barred.

The district court then entered judgment against Lansky, and he now requests a COA. Because the district court dismissed Lansky's § 2254 application without reaching its merits, we will grant a COA only if Lansky demonstrates both "[1] that jurists of reason would find it debatable whether [his § 2254 application] states a valid claim of the denial of a constitutional

4

right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Lansky has failed to establish that jurists of reason would find it debatable whether the district court erred in dismissing Lansky's habeas claims as time-barred. Lansky merely asserts, as he did below, that "[t]he reason for the time bar was that [the state court] failed to provi[de] [Lansky] timely notice of the denial of the [p]etition for [PCR]." Aplt. Br. 23. But Lansky filed (and the state court denied) his PCR petition after the one-year limitations period had already expired. Thus, the district court correctly ruled that the state court's alleged failure to timely notify Lansky that it had denied his PCR petition doesn't entitle Lansky to equitable tolling.

Lansky likewise fails to establish that jurists of reason would find it debatable whether the district court erred in dismissing Lansky's remaining habeas claim—that the state court failed to give Lansky notice it had denied his PCR petition—as non-cognizable. As the district court correctly noted, challenges to a state's post-conviction remedy aren't reviewable in a habeas action. *See Sellers*, 135 F.3d at 1339.

Because we conclude that reasonable jurists wouldn't debate the correctness of the district court's procedural rulings, we deny Lansky's

request for a COA and dismiss this matter. *See Slack*, 529 U.S. at 485.

Lansky's motion to proceed in forma pauperis is denied as moot.

Entered for the Court


Nancy L. Moritz
Circuit Judge