23CA0863 Peo v Williams 02-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0863
El Paso County District Court No. 16CR6583
Honorable Michael P. McHenry, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Clarence Ray Williams,

Defendant-Appellant.

---

ORDERS AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE SULLIVAN
Freyre and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 6, 2025

---

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Krista A. Schelhaas, Alternate Defense Counsel, Littleton, Colorado, for
Defendant-Appellant

¶ 1    Defendant, Clarence Ray Williams, appeals the postconviction court's orders denying his (1) motion for a proportionality review of his sentence and (2) motion for postconviction relief under Crim. P. 35(c).  We affirm in part, reverse in part, and remand the case with directions.

## I.    Background

¶ 2    In January 2018, Williams pleaded guilty to sexual assault on a child under the age of fifteen in exchange for a sentence of ten years to life on sex offender intensive supervised probation.  Less than a year later, however, the court revoked Williams' probation after finding that he had committed multiple violations.  On December 18, 2018, the court resentenced Williams to an indeterminate term of two years to life in the custody of the Department of Corrections followed by a mandatory indeterminate period of parole.

¶ 3    In October 2020, Williams filed a pro se Crim P. 35(c) motion for postconviction relief.  Through counsel, Williams filed a supplemental Crim. P. 35(c) petition in February 2022, asserting, as relevant here, that his trial counsel provided ineffective assistance of counsel because he failed to (1) file a notice of appeal of the order

revoking Williams' probation and (2) advise Williams that he could file a Crim. P. 35(b) motion to seek a sentence reduction following his revocation. The court held a two-day hearing on Williams' claims in November 2022 and January 2023.

¶ 4 On January 19, 2023, before the court had ruled on Williams' postconviction claims, Williams moved for a proportionality review of his sentence. The court subsequently denied Williams' Crim. P. 35(c) claims and his motion for a proportionality review.

¶ 5 Williams now appeals. He contends that the court erred by (1) denying his request for a proportionality review of his sentence, which he asserts is grossly disproportionate; and (2) denying his ineffective assistance of counsel claims. We conclude further findings are necessary to resolve one part of his second contention; we therefore reverse in part and remand for further proceedings. Otherwise, we affirm.

## II.    Timeliness of Williams' Request for Proportionality Review

¶ 6 As a threshold matter, the People argue that Williams' motion for a proportionality review is untimely under section 16-5-402, C.R.S. 2024. We agree.

¶ 7     For all felonies except a class 1 felony, section 16-5-402(1) requires that the defendant commence any collateral attack on the validity of their conviction within three years of the date of conviction.  Although Crim. P. 35(c)(3)(V) allows defense counsel to "add any claims" to the defendant's original postconviction motion that counsel believes have "arguable merit," this provision doesn't extend the deadline for commencing a collateral attack.  *See People v. Ambos*, 51 P.3d 1070, 1071-72 (Colo. App. 2002) ("Contrary to defendant's suggestion, the timely commencement of a collateral attack fails to toll the limitations period with respect to additional postconviction claims not contained in the timely filed motion.").  As a division of this court observed, "[t]he limitations period of [section] 16-5-402 would be rendered meaningless if a convicted defendant could circumvent it by filing a timely Crim. P. 35(c) motion containing only conclusory allegations and then supplementing those allegations after the limitations period had expired."  *Id.* at 1072; *see also People v. Moore-El*, 160 P.3d 393, 395-96 (Colo. App. 2007) (section 16-5-402's time bar applies to a defendant's postconviction request for a proportionality review).

¶ 8　The court sentenced Williams on December 18, 2018, but he didn't file his motion for a proportionality review until January 19, 2023, more than four years later.  Williams makes no argument that the delay was the product of justifiable excuse or excusable neglect.  *See People v. Cordova*, 199 P.3d 1, 4 (Colo. App. 2007).

¶ 9　Accordingly, we agree with the People that Williams' motion for proportionality review is untimely under section 16-5-402(1).

### III.　Ineffective Assistance of Counsel

¶ 10　Williams next contends that the postconviction court erred by denying his claims that his trial counsel provided ineffective assistance of counsel when counsel failed to (1) appeal the court's order revoking his probation and (2) seek a sentence reduction under Crim. P. 35(b).

### A.　Applicable Law and Standard of Review

¶ 11　A defendant's Sixth Amendment right to counsel includes the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prevail on an ineffective assistance of counsel claim, a defendant must prove by a preponderance of the evidence that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant.  *People v.*

4

*Chalchi-Sevilla*, 2019 COA 75, ¶ 6 (citing *Strickland*, 466 U.S. at 687).

¶ 12    To establish deficient performance, a defendant must prove that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To show prejudice, a defendant must prove that, but for counsel's unprofessional errors, a reasonable probability exists that the outcome of the proceeding would have been different. *Davis v. People*, 871 P.2d 769, 772 (Colo. 1994). "Because a defendant must show both deficient performance and prejudice, a court may resolve the claim solely on the basis that the defendant has failed in either regard." *People v. Karpierz*, 165 P.3d 753, 759 (Colo. App. 2006). The defendant bears the burden of proving both *Strickland* prongs. *People v. Houser*, 2020 COA 128, ¶ 31.

¶ 13    When reviewing a postconviction court's ruling on a Crim. P. 35(c) motion, we defer to the court's findings of fact if they have record support, but we review its legal conclusions de novo. *People v. Sharp*, 2019 COA 133, ¶ 12.

### B. Analysis

#### 1. Failure to Appeal Probation Revocation Order

¶ 14 A defendant whose probation is revoked may seek appellate review of the court's revocation order. *See, e.g.*, *People v. Carr*, 524 P.2d 301, 302 (Colo. 1974).

¶ 15 When a defendant claims that trial counsel failed to perfect an appeal, we don't analyze the merits of the defendant's appellate claims. *People v. Lancaster*, 2018 COA 168, ¶ 11. "Rather, a defendant who shows that counsel performed deficiently in failing to perfect the defendant's appeal will have established both prongs of the *Strickland* test." *Id.* This is so because "[t]he prejudice resulting from the failure to file a notice of appeal is not in the outcome of the proceeding, but in the forfeiture of the proceeding itself." *People v. Long*, 126 P.3d 284, 286-87 (Colo. App. 2005) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)); *accord Garza v. Idaho*, 586 U.S. 232, 242-43 (2019) (*Flores-Ortega*'s presumption of prejudice applies "despite an appeal waiver"). However, the defendant must "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an

6

appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

¶ 16    In cases where the defendant didn't instruct counsel to file an appeal, our inquiry becomes twofold. First, we review whether "counsel in fact consulted with the defendant about an appeal." *Id.* at 478. "Consult" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel consulted with the defendant, then counsel is deficient only if they failed to follow the defendant's "express instructions" regarding the appeal. *Id.*

¶ 17    Second, if counsel didn't consult with the defendant about an appeal, we ask "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* The Supreme Court in *Flores-Ortega* explained this part of the inquiry as follows:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel

that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. . . . Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* at 480.

¶ 18    Williams presented no evidence at the Crim. P. 35(c) hearing that he specifically instructed his counsel to file an appeal. Thus, his ineffective assistance claim turns on whether (1) counsel failed to consult with him about an appeal; and (2) if so, whether that failure to consult constitutes deficient performance. *Id.* at 478.

¶ 19    Turning to the first part of the *Flores-Ortega* analysis, Williams' trial counsel didn't testify at the Crim. P. 35(c) hearing, nor was he asked, whether he consulted with Williams about appealing the court's order revoking his probation (although all agree that trial counsel didn't perfect such an appeal). However, trial counsel testified that he didn't "send up an appellate packet

regarding the revocation hearing" and that he "should have done more" to perfect Williams' appeal. This testimony seems to suggest that trial counsel either failed to consult with Williams about filing an appeal or, if he did, that trial counsel failed to make a "reasonable effort to discover [Williams'] wishes" regarding whether to appeal. *Flores-Ortega*, 528 U.S. at 478. It also indicates, at a minimum, that Williams didn't instruct his trial counsel to *not* file an appeal. But the district court made no findings as to whether trial counsel consulted with Williams.

¶ 20   We also can't determine whether Williams satisfied the second part of the *Flores-Ortega* analysis because the court didn't make findings of fact or conclusions of law on that prong either. The court admittedly heard some testimony tending to suggest that Williams was interested in appealing the court's order revoking his probation. Williams' trial counsel testified, for example, that Williams relayed that he "wanted to get out of jail" and "wanted to be released." But we have no way of knowing how the court weighed this testimony or evaluated trial counsel's credibility. *See Kailey v. Colo. State Dep't of Corr.*, 807 P.2d 563, 567 (Colo. 1991) (postconviction court in a Crim. P. 35 proceeding is the trier of fact

9

and "determine[s] the credibility of the witnesses and the weight to be given their testimony"); *People v. Rodriguez*, 786 P.2d 1079, 1082 (Colo. 1989) ("As an appellate court, we are not in the best position for original fact-finding.").

¶ 21 When coupled with the lack of any conclusions of law under the *Flores-Ortega* standard, we can't determine whether trial counsel's testimony, either alone or in combination with other evidence, was enough for Williams to establish either that (1) a rational defendant in Williams' position would want to appeal or (2) he reasonably demonstrated to counsel that he was interested in appealing. 528 U.S. at 480. As a result, we conclude that a remand for further proceedings is necessary. *See People v. Brown*, 2014 CO 25, ¶ 26 ("The trial court should place its findings on the record; otherwise, appellate review may be impossible and remand for development of the record may be necessary.").

¶ 22 On remand, the postconviction court should make findings of fact based on the existing record regarding (1) whether trial counsel consulted with Williams about an appeal; (2) whether a rational defendant in Williams' position would want to appeal the order revoking his probation (for example, because there were

nonfrivolous grounds for appeal); (3) whether Williams reasonably demonstrated to his trial counsel that he was interested in appealing the order revoking his probation; and (4) any other circumstances bearing on whether trial counsel's failure to perfect Williams' appeal constituted ineffective assistance of counsel. *See Flores-Ortega*, 528 U.S. at 480 (describing examples of "highly relevant" factors). Based on its findings, the court should also make conclusions of law applying the *Flores-Ortega* legal standard. In making its determination, the court must take into account all the information that trial counsel knew or should have known, keeping in mind that Williams bears the burden of proving his ineffective assistance of counsel claim. *See id.*; *Houser*, ¶ 31.

¶ 23 Accordingly, we reverse the portion of the court's order denying Williams' ineffective assistance of counsel claim that is premised on his trial counsel failing to perfect an appeal of the order revoking his probation, and we remand the case for further proceedings consistent with this opinion.

2. Failure to Seek a Sentence Reduction Under Crim. P. 35(b)

¶ 24 Williams also contends that his trial counsel provided ineffective assistance of counsel by failing to seek a sentence

11

reduction under Crim. P. 35(b) after he was resentenced.  He argues that, like the automatic prejudice he asserts resulted from counsel's failure to perfect an appeal, we must presume *Strickland* prejudice from counsel's forfeiture of his rights under Crim. P. 35(b).

¶ 25    Williams cites no authority, however, indicating that we presume *Strickland* prejudice when counsel fails to timely seek a sentence reduction under Crim. P. 35(b).  And as the People point out, at least one division of this court has evaluated whether an attorney's failure to seek a sentence reduction constitutes ineffective assistance of counsel by requiring the defendant to show actual prejudice under *Strickland*, not presuming prejudice.  *See People v. Dunlap*, 124 P.3d 780, 798 (Colo. App. 2004) (concluding counsel wasn't ineffective for failing to file a timely Crim. P. 35(b) motion because defendant hadn't "demonstrated a reasonable likelihood that his sentence would have been reduced"); *see also Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984) ("No court has held that failure to file [a Fed. R. Crim. P. 35(b)] motion *automatically* constitutes ineffective assistance of counsel."); *People v. Bailey*, 846 N.E.2d 147, 150 (Ill. App. Ct. 2006) (rejecting

defendant's argument that the court should presume prejudice based on counsel's failure to move to reconsider her sentence).

¶ 26　　Moreover, *Flores-Ortega*'s presumption of prejudice applies only when counsel's conduct results in the forfeiture of an "entire judicial proceeding."  528 U.S. at 483; *see Sharp*, ¶¶ 28-31.  A "proceeding" in this context means "the whole of a discrete phase of a criminal prosecution."  *Sharp*, ¶ 30.  Colorado courts recognize three such discrete proceedings: "(1) a trial proceeding, from the commencement of the case to the resolution of all allowed post-judgment, pre-appeal motions in the trial court; (2) an appellate proceeding, including at least a defendant's appeal as a matter of right to this court; and (3) a postconviction proceeding under Rule 35(c)."  *Id.*  When counsel fails to file an individual motion or take other action *within* a proceeding — for example, moving for a new trial or a judgment of acquittal — such conduct doesn't qualify for *Flores-Ortega*'s presumption because the defendant hasn't been deprived of an entire proceeding.  *See Sharp*, ¶¶ 31-34.

¶ 27　　We conclude that a Crim. P. 35(b) motion for a sentence reduction doesn't constitute an "entire judicial proceeding" for purposes of presuming prejudice.  *Flores-Ortega*, 528 U.S. at 483.

Rather, a Crim. P. 35(b) motion is but one subpart of a larger postconviction proceeding that is available to a convicted defendant. Because trial counsel's failure to file a Crim. P. 35(b) motion didn't cause Williams to forfeit an entire judicial proceeding to which he was entitled, Williams was required to show actual prejudice from counsel's performance. *See Sharp*, ¶¶ 30-31. Williams makes no argument on appeal regarding actual prejudice.

¶ 28 Accordingly, we perceive no error in the postconviction court's decision denying Williams' claim that his trial counsel provided ineffective assistance of counsel by failing to file a Crim. P. 35(b) motion.

## IV.   Disposition

¶ 29 We affirm the orders in part, reverse the orders in part, and remand to the postconviction court for further proceedings consistent with this opinion.

JUDGE FREYRE and JUDGE SCHOCK concur.